FORD & HARRISON LLP
Daniel B. Chammas (SBN 204825)
*dchammas@fordharrison.com*
Julie A. Bachert (SBN 328572)
*jbachert@fordharrison.com*
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorneys for Defendants,
MARRIOTT INTERNATIONAL, INC..; MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC.; STARWOOD HOTELS & RESORTS WORLDWIDE, LLC; SAMUEL SPURRIER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

TAYLOR LEE, an individual,

Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, SAMUEL SPURRIER, and DOES 1 – 10,

Defendants.

CASE NO.

**DEFENDANTS MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, AND SAMUEL SPURRIER'S NOTICE OF REMOVAL OF ACTION**

Trial Date: Not Set
Action Filed: December 10, 2024
Removal Date: February 4, 2025

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF TAYLOR LEE AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Marriott International, Inc. ("MII"), Marriott International Administrative Services, Inc. ("MIASI"), Starwood Hotels & Resorts Worldwide, LLC ("Starwood"), and Samuel Spurrier ("Spurrier") (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of Marin, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Removal is based upon the following grounds:

## I. <u>INTRODUCTION</u>

1. Plaintiff Taylor Lee ("Plaintiff") filed a complaint on December 10, 2024, in the Superior Court of California for the County of Marin against Defendants titled *"Taylor Lee, an individual v. Marriott International, Inc., Marriott International Administrative Services, Inc., Starwood Hotels & Resorts Worldwide, LLC, Samuel Spurrier, and Does 1-10,"* Case No. CV0004759 ("State Action"). (Bachert Decl. ¶2; **Exh. A**.)

2. Starwood received a copy of the Summons and Complaint, along with the Notice and Acknowledgment of Receipt and other pleadings, on December 16, 2024. (Bachert Decl. ¶3; **Exh. B**.) Starwood signed the Notice and Acknowledgment of Receipt on January 5, 2025, making service of the Summons and Complaint complete on the same day. (Bachert Decl. ¶6; **Exh. E**.) This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days after January 5, 2025, the date on which Starwood was served with the Complaint. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law. *See id.* Here, the last day for removal falls on February 4, 2025, accounting for weekends and holidays. *See* 28

U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011). Accordingly, this Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

3. On December 23, 2024, Plaintiff personally served MII and MIASI, respectively, with the Summons and Complaint, along with other pleadings. (Bachert Decl. ¶4; **Exh. C**.) On December 27, 2024, Plaintiff personally served Spurrier with the Summons and Complaint, along with other pleadings. (Bachert Decl. ¶5; **Exh. D**.)

4. As the last served defendant, Starwood is permitted to remove the entire action within 30 days of service on it. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("We adopt the later-served rule as the wiser and more equitable approach. This rule doesn't go so far as to give already-served defendants a new thirty-day period to remove whenever a new defendant is served, as that could give a defendant more than the statutorily prescribed thirty days to remove. See 28 U.S.C. § 1446(b). Rather, we hold that each defendant is entitled to thirty days to exercise his removal rights after being served.").

## II. NATURE OF ACTION

5. Plaintiff asserts claims against Defendants for (1) employment discrimination in violation of the Fair Employment and Housing Act ("FEHA"), (2) employment discrimination in violation of Title VII, (3) discrimination in violation of the Pregnant Workers Fairness Act, (4) retaliation and interference in violation of the Pregnant Workers Fairness Act, (5) retaliation in violation of Title VII, (6) retaliation in violation of FEHA, (7) retaliation in violation the California Labor Code § 1102.5, (8) failure to prevent discrimination and retaliation in violation of FEHA, (9) denial of rights and interference in violation of the California Family Rights Act ("CFRA"), (10) retaliation in violation of CFRA, (11) denial of rights and interference in violation of the Family and Medical Leave Act ("FMLA"), and (12) retaliation in violation of FMLA.

## III. BASIS FOR REMOVAL: FEDERAL QUESTION

6. This action is removable pursuant to 28 U.S.C. § 1441(a) and (c) in that, as shown below, it is one over which the United States District Courts have original jurisdiction under 28 U.S.C. § 1331 because the Complaint asserts a civil action arising under the laws of the United States.

7. This claim therefore arises under federal law and the district courts of the United States have original jurisdiction over all claims and actions brought under it, without regard to the amount in controversy or the citizenship of the parties.

8. The Complaint asserts separate federal claims: two Title VII claims, two FMLA claims, and two Pregnant Workers Fairness Act claims. These claims therefore arise under federal law and the district courts of the United States have original jurisdiction over them, without regard to the amount in controversy or the citizenship of the parties.

9. Accordingly, federal subject matter jurisdiction exists over Plaintiff's Complaint in accordance with 28 U.S.C. § 1331, and this action may thus be removed pursuant to 28 U.S.C. § 1441(a).

10. All other claims for relief under various California statutory laws are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), because they are so related to Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution. These other state law claims are derivative of the federal claims since they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). Jurisdiction is thus appropriate for all of Plaintiff's claims that are transactionally related to the federal claims.

## IV. THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

11. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached to this Notice and the Declaration of Julie A. Bachert, all process, pleadings and orders

served on, served by, or received by Defendants in the State Action. (Bachert Decl. ¶¶ 2-9; **Exh. A-G**.)

12. Defendants will promptly file and serve a notice of removal to the Clerk of the Superior Court of California, County of Marin. (Bachert Decl. ¶ 8, **Exh. G**.)

13. As required by 28 U.S.C. §1446(d), Defendants will give notice of this removal to Plaintiff. (Bachert Decl. ¶ 8, **Exh. G**.)

## V. VENUE

14. This action was brought and is pending before the Superior Court of California, County of Marin.

15. Marin County, California is located within the Northern District of California.

16. Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. §1441(a), & 1446(a).

## CONCLUSION

WHEREFORE, Defendants pray that the Court will remove this civil action from the Superior Court of the State of California, County of Marin, to the United States District Court for the Northern District of California. By removing the action to this Court, Defendants do not waive any defenses, objections, or motions available to it under state or federal law.

Dated: February 4, 2025

FORD & HARRISON LLP

By: */s/ Julie A. Bachert*

Daniel B. Chammas
Julie A. Bachert
Attorneys for Defendant,
MARRIOTT INTERNATIONAL, INC..; MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC.; STARWOOD HOTELS & RESORTS WORLDWIDE, LLC; SAMUEL SPURRIER

**PROOF OF SERVICE**

I, D'Metria Bolden, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **February 4, 2025**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DEFENDANTS MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, AND SAMUEL SPURRIER'S NOTICE OF REMOVAL OF ACTION**

Xinying Valerian
Felicia Medina
VALERIAN LAW, P.C.
2222 Harold Way
Berkeley, CA 94704
Telephone: (888) 686-1918
Facsimile: (510) 982-4513
xinying@valerian.law
felicia@valerian.law

Attorneys for Plaintiff,
TAYLOR LEE

☒ **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **February 4, 2025**, at Los Angeles, California.

D'Metria Bolden